**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000752
08-SEP-2015
08:04 AM**

NO. CAAP-14-0000752

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
TINA L. QUIZON, also known as Tina Quizon,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-0945)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Defendant-Appellant Tina L. Quizon, also known as Tina Quizon, appeals from the Judgment of Conviction and Sentence; Notice of Entry filed on March 12, 2014 in the Circuit Court of the First Circuit ("Circuit Court").[1] Quizon was charged with Criminal Trespass in the First Degree, in violation of Hawaii Revised Statutes ("HRS") § 708-813(1)(a)(ii).[2] After a bench trial, the Circuit Court found Quizon guilty as charged, sentenced her to a one-year term of probation and one-day of imprisonment with credit for time served, and ordered her to pay fees. This appeal follows.

---

[1]    The Honorable Patrick W. Border presided.

[2]    HRS § 708-813 provides:

        (1)    A person commits the offense of criminal trespass in the first degree if:

            (a)    That person knowingly enters or remains unlawfully:

                .  .  .  .

                (ii)    In or upon the premises of a hotel or apartment building[.]

Haw. Rev. Stat. § 708-813(1)(a)(ii) (Supp. 2012).

On appeal, Quizon asserts that there was insufficient evidence to convict her of criminal trespass in the first degree. Specifically, Quizon argues that the Plaintiff-Appellee State of Hawai'i failed to prove: (1) that the YWCA Fernhurst Residence for Women ("YWCA Fernhurst") was a "hotel" under HRS § 708-800; or (2) that she possessed the requisite mens rea, that is that she knew that the YWCA Fernhurst was a hotel. As explained below, we conclude that there was sufficient evidence to prove that the YWCA Ferhurst was a hotel, but insufficient evidence to prove that Quizon knew that the YWCA Ferhurst was a hotel. We therefore reverse Quizon's conviction.

Although the State charged Quizon with trespass upon "a hotel and/or apartment building," its theory of the case and the evidence it presented was designed to prove that the YWCA Fernhurst met the statutory definition of a "hotel." In addition, the term "apartment building" is defined to exclude any structure that is a hotel. We therefore focus on whether the State presented sufficient evidence to prove that Quizon knowingly entered or remained unlawfully upon the premises of a hotel.

For purposes of first-degree trespass, the term hotel is defined to mean "a structure in which a majority of the tenants are roomers or boarders." Haw. Rev. Stat. § 708-800 (2014). The status of the YWCA Fernhurst as a hotel was an attendant-circumstance element of the offense, and the State was required to prove that Quizon knew that the YWCA Fernhurst was a hotel. See Haw. Rev. Stat. § 702-207 (2014) ("When the definition of an offense specifies the state of mind sufficient for the commission of that offense, without distinguishing among the elements thereof, the specified state of mind shall apply to all elements of the offense, unless a contrary purpose plainly appears.")

Here, the testimony of Rhonda Jones, the general manager of the YWCA Fernhurst, provided sufficient evidence to establish that the YWCA Fernhurst satisfied the statutory definition of a hotel. However, the State failed to adduce substantial evidence to show that Quizon knew that the YWCA

2

Fernhurst was a hotel as defined by HRS § 708-800 or evidence from which such knowledge could reasonably be inferred.

Jones testified that the YWCA Fernhurst had forty-two rooms. The State argues that Quizon's testimony that the YWCA Fernhurst had ten rooms for women in the United States Veteran's program, under which Quizon was staying at the YWCA Fernhurst, and was responsible for providing meals for those in the program was sufficient to prove that Quizon knew that the YWCA Fernhurst was "a structure in which a majority of the tenants are roomers or boarders." We disagree. The testimony cited by the State does not support a reasonable inference that Quizon knew that the majority of the YWCA Fernhurst's tenants were roomers or boarders.

We note that Quizon was given a written trespass warning. However, the trespass warning erroneously referred to second-degree trespass upon a "commercial premises," instead of first-degree trespass upon a hotel. Therefore, the trespass warning did not provide evidence that Quizon knew that the YWCA Fernhurst was a hotel.

Because the State failed to present sufficient evidence to show that Quizon knew that the YMCA Ferhurst was a hotel, we reverse the Circuit Court's Judgment.

DATED: Honolulu, Hawai‘i, September 8, 2015.

On the briefs:

Lila Barbara Kanae,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3